UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM. ACTION NO. 12-00119 |
| VERSUS | JUDGE ROBERT G. JAMES |
| JOHNNIE TRAXLER | MAG. JUDGE KAREN L. HAYES |

## RULING

This is a criminal action brought by the United States of America ("the Government") against Defendant Johnnie Traxler ("Traxler"). Pending before the Court is a Motion to Dismiss for Lack of Jurisdiction ("Motion to Dismiss") [Doc. No. 40] filed by Traxler. The Government filed an opposition memorandum [Doc. No. 42]. Traxler then filed a supplemental brief in support of her motion [Doc. No. 46]. Finally, the Government filed a second opposition memorandum [Doc. No. 48].

For the following reasons, Traxler's Motion to Dismiss is DENIED.

## ALLEGED FACTS

Traxler was indicted by the grand jury on April 26, 2012, on four counts of mail fraud. Traxler was formerly employed by the Northeast Louisiana Association Board of Realtors ("the Association") as Association Executive. In that capacity, she had been issued credit cards for business use, but the Indictment alleges that she fraudulently used the credit cards for personal and unauthorized purposes. The Indictment further alleges that Traxler added unauthorized users to the credit cards and opened credit cards and other accounts in the name of the Association without authority. As to each count, the Indictment alleges that "to effect the scheme and artifice to obtain

money or property," Traxler "did knowingly cause to be placed in an authorized depository of mail matter, to be sent, delivered, and moved by the United States Postal Service, according to the directions thereon, an envelope addressed to the NELA Association of Realtors, 1010 Stubbs Avenue, Monroe, LA 71201-5618." [Doc. No. 1].

## LAW AND ANALYSIS

Traxler moves the Court to dismiss the Indictment against her.  In her original motion, she argues that "[t]he Federal Prosecution has added the mailing in order to get jurisdiction in federal court" when the unauthorized use of credit cards could have been prosecuted in state court. [Doc. No. 40, ¶¶ 4-5].  Thus, she believes that the Court lacks jurisdiction over her federal mail fraud counts.  In her supplemental memorandum, Traxler added a new argument that any credit card fraud scheme was complete prior to the mailing of the credit card bills to the Association, and, thus, the use of the mail was not in furtherance of the scheme.  Since the Government cannot prove the required "nexus," Traxler contends that the charges against her must be dismissed.

In response to Traxler's arguments, the Government points to the case law establishing that states and the federal government are independent sovereigns, and each sovereign has the right to determine offenses under its respective laws and to enforce those laws.  The Government argues further that its Indictment adequately tracks the language of the criminal statute and, thus, dismissal is inappropriate under the Federal Rules of Criminal Procedure.

The Court first finds that the Government has properly exercised its authority to bring this mail fraud action against Traxler, regardless whether the facts may be sufficient to constitute another crime under state law.  As the Supreme Court has stated:

We have here two sovereignties, deriving power from different sources, capable of

dealing with the same subject matter within the same territory. Each may, without interference by the other, enact laws to secure prohibition, with the limitation that no legislation can give validity to acts prohibited by the amendment. Each government in determining what shall be an offense against its peace and dignity is exercising its own sovereignty, not that of the other.

. . . It follows that an act denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both and may be punished by each.

*United States v. Lanza*, 260 U.S. 377, 382 (1922).  Thus to the extent that Traxler moves for dismissal on this basis, his motion is DENIED.

Second, the Court finds that the factual allegations are sufficient to support a mail fraud charge against Traxler.  "[I]t is well settled that an indictment must set forth the offense with sufficient clarity and certainty to apprise the accused of the crime with which he is charged." *United States v. Bearden*, 423 F.2d 805, 810 (5th Cir. 1970) (citations omitted).  "Ordinarily, a motion to dismiss an indictment for failure to state an offense challenges the sufficiency of the indictment itself, requiring the court to take the allegations of the indictment as true and to determine whether an offense has been stated." *United States v. Hogue*, 132 F.3d 1087, 1089 (5th Cir. 1998) (citing *United States v. Cadillac Overall Supply Co.*, 568 F.2d 1078, 1082 (5th Cir. 1978).  The minimal constitutional requirements are generally met when "[a]n indictment . . . describes the offense by tracking the relevant statute's unambiguous language" provided that the indictment also contains "such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *United States v. Adams,* 314 F. App'x 633, 641 (5th Cir. 2009) (internal quotation marks omitted); *see also United States v. Partida*, 385 F.3d 546, 557 (5th Cir. 2004); *United States v. Calhoon*, 275 F.3d 1081, 2001 WL 1468464, at *1 (5th Cir. Oct. 29, 2001); *United States v. Moody*, 923 F.2d 341, 351 (5th Cir. 1991).

In this case, the relevant statute is 18 U.S.C. § 1341, which provides:

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both. . . .

The language of the Indictment, set forth above, clearly tracks the language of § 1341 and is sufficient to give Traxler notice of the crime charged against her.  Thus, she is not entitled to dismissal on this basis either, and her Motion to Dismiss is DENIED.

### CONCLUSION

For the foregoing reasons, Traxler's Motion to Dismiss [Doc. No. 40] is DENIED.

MONROE, LOUISIANA, this 8th day of March, 2013.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE