UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 12-00119-01** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **JOHNNIE TRAXLER** | **MAG. JUDGE KAREN L. HAYES** |

**RULING**

Pending before the Court is a Motion to Remain Free During Pendency of Appeal [Doc. No. 69] filed by Defendant Johnnie Traxler ("Traxler"). The Government has filed a Response [Doc. No. 70]. For the following reasons, the motion is DENIED.

**I.   INTRODUCTION AND PROCEDURAL HISTORY**

Traxler was indicted by a grand jury on April 26, 2012, on four counts of mail fraud. Traxler was formerly employed by the Northeast Louisiana Association Board of Realtors ("the Association") as Association Executive. In that capacity, she had been issued credit cards for business use. The Indictment alleges that she fraudulently used the credit cards for personal and unauthorized purposes. The Indictment further alleges that Traxler added unauthorized users to the credit cards and opened credit cards and other accounts in the name of the Association without authority. As to each count, the Indictment alleges that "to effect the scheme and artifice to obtain money or property," Traxler "did knowingly cause to be placed in an authorized depository of mail matter, to be sent, delivered, and moved by the United States Postal Service, according to the directions thereon, an envelope addressed to the NELA Association of Realtors, 1010 Stubbs Avenue, Monroe, LA 71201-5618." [Doc. No. 1].

On February 7, 2013, Traxler filed a Motion to Dismiss for Lack of Jurisdiction [Doc. No. 40]. On February 13, 2013, the Government filed an opposition memorandum [Doc. No. 42]. On February 21, 2013, Traxler filed a supplemental memorandum in support of her motion [Doc. No. 46]. On March 1, 2013, the Government filed a supplemental opposition memorandum [Doc. No. 48]. On March 8, 2013, the Court denied Traxler's motion, finding that the Government properly exercised its authority to bring federal mail fraud charges against Traxler, even if the facts were sufficient to constitute another crime under state law. The Court further found that factual allegations were sufficient to support mail fraud charges against Traxler based on the mail fraud statute, codified at 18 U.S.C. § 1341.

On March 15, 2013, Traxler pled guilty to Count 1 of the Indictment.

A sentencing hearing was held on June 12, 2013. On the record, the parties agreed that it was their intent for Traxler to preserve her right to appeal the Court's denial of her motion to dismiss. Traxler waived her remaining objections to the Pre-Sentence Report. The Court then sentenced Traxler to serve 15 months imprisonment on Count 1, and all other charges were dismissed. Traxler was ordered to report to the prison designated by the Bureau of Prisons on July 29, 2013, by 2:00 P.M., to begin serving her term of imprisonment.

On June 17, 2013, Traxler filed a timely notice of appeal. The same day, she filed the instant motion. On June 19, 2013, the Government filed its opposition.

The Court is now prepared to rule on the pending motion.

II. **LAW AND ANALYSIS**

A defendant has no constitutional right to bail after her guilty plea and sentencing. *See United States v. Bright*, 541 F.2d 471, 477 (5th Cir. 1976). The Bail Reform Act of 1984, 18 U.S.C. §

3143(b), establishes a presumption against the grant of such bail. Under § 3143(b)(1), a person who has been sentenced to a term of imprisonment "shall be detained" unless the judicial officer finds that the defendant has shown:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purposes of delay and raises a substantial question of law or fact likely to result in:
>
>> (i) reversal,
>>
>> (ii) an order for a new trial,
>>
>> (iii) a sentence that does not include a term of imprisonment, or
>>
>> (iv) a reduced sentence to a term of imprisonment less than the total time already served plus the expected duration of the appeal process.

The Fifth Circuit has interpreted § 3143(b) to require the defendant to show four factors by clear and convincing evidence: "(1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released; (2) that the appeal is not for purpose of delay; (3) that the appeal raises a substantial question of law or fact; and (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." *United States v. Valera-Elizondo*, 761 F.2d 1020, 1025 (5th Cir. 1985) (citing *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985); *United States v. Miller*, 753 F.2d 19, 24 (3d Cir. 1985); *see also United States v. Williams*, 822 F.2d 512, 517 (5th Cir. 1987) (quoting same).

With regard to the third factor, a question is "substantial" if it raises a "substantial doubt (not merely a fair doubt) as to the outcome of its determination." *Valera-Elizondo*, 761 F.2d at 1024.

"[I]t is a 'close' question, or one that very well could be decided the other way." *Id.* (internal quotation marks omitted) (quoting *Giancola*, 754 F.2d at 901). The "absence of controlling precedent is only one factor to be considered in the court's determination of whether a defendant's argument has a substantial chance of prevailing." *Id.* Even if there is no precedent in the Fifth Circuit, "'there may also be no real reason to believe that this circuit would depart from unanimous resolution of the issue by other circuits.'" *Id.* (quoting *Giancola*, 754 F.2d at 901).

Traxler moves the Court to permit her to remain free pending appeal. She makes no arguments in support of her motion. Based on the record, it does not appear that Traxler would be a flight risk or danger to the community or that she appeals merely for purposes of delay, but the burden was on her by statute to make this showing by clear and convincing evidence. Moreover, even if she had carried her burden as to the first two factors, the Government points out that Traxler has made no showing to support the Court's finding on the third factor that there is a substantial question of law at stake.

Having reviewed the record, the Court finds that there is no substantial question of law at issue. Given the language of the mail fraud statute and Traxler's admissions as part of her guilty plea, Traxler has failed to rebut the presumption of detention at the third factor by presenting a substantial question of law. Therefore, the Court cannot grant her motion for release pending appeal.

### III. CONCLUSION

Because Traxler has failed to rebut the presumption of detention under § 3143(b), her Motion to Remain Free During Pendency of Appeal [Doc. No. 69] is DENIED. Traxler may file a motion for bail pending appeal with the United States Court of Appeals for the Fifth Circuit if she disagrees with

this Court's decision.

MONROE, LOUISIANA, this 25th day of June, 2013.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE